# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **MICHAEL J. GARRETT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **4:12CV3243** |
| | ) | |
| **V.** | ) | |
| | ) | |
| **CAROLYN W. COLVIN, Acting** | ) | **MEMORANDUM AND ORDER** |
| **Commissioner of the Social Security** | ) | |
| **Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

Plaintiff Michael Garrett claims in this Social Security appeal that the Commissioner's decision to deny him Social Security benefits is contrary to law and not supported by substantial evidence. The Commissioner's decision will be affirmed.

## BACKGROUND

On April 27, 2010, Plaintiff filed an applications for Social Security disability benefits and supplemental security income, alleging that he was unable to work due to a combination of impairments. Plaintiff's application was denied initially and on reconsideration, and he appealed its denial to an administrative law judge ("ALJ").

An administrative hearing was held by video-conferencing before an ALJ on August 18, 2011. Plaintiff testified at the hearing. Janice Hastert ("Hastert"), a vocational expert ("VE"), also testified at the hearing.

The ALJ issued an unfavorable decision on September 16, 2011, concluding that Plaintiff is not disabled under the Social Security Act. (Tr. 7-23.)[1] In reaching this

---

[1] The record contains two ALJ decisions, one dated September 9, 2011, and the other dated September 16, 2011. (Tr. 7, 24.) The decisions appear to be identical. This Order refers only to the September 16, 2011 decision.

conclusion, the ALJ evaluated Plaintiff's claim by following the five-step sequential analysis prescribed by the Social Security Regulations.[2]  *See* 20 C.F.R. §§ 404.1520.  The ALJ found that Plaintiff had the severe impairments of Asperger's disorder and depressive disorder.  (Tr. 12.)  The ALJ determined that Plaintiff had the residual functional capacity ("RFC")[3] to perform a full range of work with certain nonexertional limitations.  (Tr. 14-16.)  Specifically, the ALJ concluded that Plaintiff can perform simple, routine, repetitive tasks.  (*Id*.)  The ALJ also found that Plaintiff can work in proximity to others, but is limited to jobs that do not require close cooperation or interaction with co-workers, and no interaction or cooperation with the public.  (*Id*.)  The ALJ stated that Plaintiff would work best in relative isolation.  (*Id*.)  The ALJ further concluded that Plaintiff retains the ability to maintain attention and concentration for minimum two-hour periods at a time, accept supervision on a basic level, and adapt to change in the work place on a basic level.  (*Id*.)

On October 15, 2012, the Social Security Appeals Council denied Plaintiff's request for review.  (Tr. 1-6.)  Thus, the ALJ's decision stands as the final decision of the

---

[2]  The Social Security Administration uses a five-step process to determine whether a claimant is disabled.  These steps are described as follows:

> At the first step, the claimant must establish that he has not engaged in substantial gainful activity. The second step requires that the claimant prove he has a severe impairment that significantly limits his physical or mental ability to perform basic work activities. If, at the third step, the claimant shows that his impairment meets or equals a presumptively disabling impairment listed in the regulations, the analysis stops and the claimant is automatically found disabled and is entitled to benefits. If the claimant cannot carry this burden, however, step four requires that the claimant prove he lacks the [residual functional capacity] to perform his past relevant work. Finally, if the claimant establishes that he cannot perform his past relevant work, the burden shifts to the Commissioner at the fifth step to prove that there are other jobs in the national economy that the claimant can perform.

*Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir. 2006).

[3]  RFC, or "residual functional capacity," is "what the claimant is able to do despite limitations caused by all of the claimant's impairments."  *Lowe v. Anfel*, 226 F.3d 969, 972 (8th Cir. 2000) (citation omitted).

2

Commissioner of Social Security.

## STANDARD OF REVIEW

A denial of benefits by the Commissioner is reviewed to determine whether the denial is supported by substantial evidence on the record as a whole. *Hogan v. Apfel*, 239 F.3d 958, 960 (8th Cir. 2001) (quotation and citation omitted). "Substantial evidence" is less than a preponderance, but "enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. *Id.* at 960-61 (quotation and citation omitted). Evidence that both supports and detracts from the Commissioner's decision must be considered, but the decision may not be reversed merely because substantial evidence exists for a contrary outcome. *See Moad v. Massanari*, 260 F.3d 887, 890 (8th Cir. 2001).

## DISCUSSION

Plaintiff maintains that the ALJ erred by failing to "discuss the evidence in the record of [Plaintiff's] low level of intellectual functioning." (Filing 17 at CM/ECF p. 11.) Plaintiff primarily argues that the hypothetical question posed to the VE was defective because it failed to include all of Plaintiff's limitations and account for Plaintiff's intellectual deficiencies. Having carefully considered Plaintiff's arguments, and having thoroughly reviewed the record in this case, the Court finds that the ALJ's decision is supported by substantial evidence on the record as a whole.

## I.   Plaintiff's RFC Assessment

Although not completely clear from Plaintiff's briefing, it appears that Plaintiff argues that the ALJ improperly assessed his RFC by failing to consider his intellectual limitations. In formulating an individual's RFC, an ALJ should consider "all the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations." *Lacroix v. Barnhart*, 465 F.3d 881, 887 (8th Cir. 2006) (quotation and citation omitted). In determining Plaintiff's RFC, the ALJ considered three medical opinions, as well as Plaintiff's treatment records, daily activities, and other opinion testimony. The ALJ also considered Plaintiff's statements regarding his

3

limitations.  The ALJ's RFC finding is well-developed and supported by the record.

The medical evidence of record, which was thoroughly discussed by the ALJ in his opinion, supports the ALJ's RFC assessment.  The ALJ considered, and placed great weight upon, the opinions of three psychologists.  Dr. Rebecca Schroeder, who performed a consultative examination on Plaintiff in June, 2010, observed that Plaintiff is capable of understanding simple instructions, and sustaining the concentration needed for simple task completion.  (Tr. 346.)  Dr. Schroeder further opined that Plaintiff "appears capable of carrying out direction under ordinary supervision once he is comfortable with his job" and "seems capable of adapting to changes within his environment."  (*Id.*)  Dr. Schroeder noted that Plaintiff was cooperative during her exam, had no difficulty responding to simple or complex questions, and had fair to good communication skills.  (Tr. 344.)  Dr. Linda Schmechel, who reviewed Plaintiff's file, likewise found that Plaintiff can understand instructions and does not have great difficulties in sustained concentration.  (Tr. 297.) Consultant Dr. Rebecca Braymen similarly concluded that Plaintiff's conditions create moderate limitations in functioning.  (Tr. 332.)  The ALJ's RFC determination is consistent with the opinions of these three psychologists.

The ALJ's RFC evaluation is further supported by Plaintiff's medical records, which indicate that Plaintiff has received little treatment for his impairments.  Plaintiff's medical records show that in June, 2006, Plaintiff was seen by a general practitioner who diagnosed Plaintiff with Asperger's Syndrome and depression.  At that time, the physician prescribed several medications.  Despite this diagnosis, there are no medical treatment records for the period of June, 2006 through June, 2011.  Also, as the ALJ noted, it does not appear that Plaintiff has sought treatment from a psychiatrist or other counseling to treat his depression. *See Williams v. Sullivan*, 960 F.2d 86, 89 (8th Cir. 1992) (finding that absence of treatment suggests that impairments are not disabling).  Plaintiff's treatment history indicates that Plaintiff is able to reasonably function despite his conditions.

Plaintiff's testimony also supports the ALJ's conclusion that Plaintiff's impairments are not as severe or limiting as he claims.  In finding Plaintiff not credible, the ALJ considered, among other things, Plaintiff's testimony regarding his daily activities and work history.  The ALJ noted that Plaintiff is participating in a program through his high school

which is designed to help Plaintiff learn job and independent living skills.  (Tr. 15-16.)
Further, the ALJ cited Plaintiff's testimony that he frequently plays video games which
indicates that he is able to concentrate for sustained periods of time.  (*Id*.)  With respect to
social functioning, the ALJ noted that Plaintiff was recently employed as a door greeter at
Wal-Mart as part of his school program.  (*Id*.)  Based on this testimony, the ALJ found that
Plaintiff's testimony regarding his ability to concentrate and the degree of his social anxiety
was not credible.  *See Johnson v. Apfel*, 240 F.3d 1145, 1148 (8th Cir. 2001) ("Acts which
are inconsistent with a claimant's assertion of disability reflect negatively upon that
claimant's credibility").

The ALJ is responsible for assessing the credibility of a claimant's subjective
testimony about his or her limitations.  *See Gregg v. Barnhart*, 354 F.3d 710, 713 (8th Cir.
2003).  "If an ALJ explicitly discredits the claimant's testimony and gives good reason for
doing so, we will normally defer to the ALJ's credibility determination."  *Id.* at 714 (citation
omitted).  In this case, the ALJ pointed to substantial evidence in the record supporting his
decision to discount Plaintiff's allegations.

It is clear that in formulating Plaintiff's RFC, the ALJ considered all relevant
evidence, including, but not limited to, medical opinions, treatment records, and Plaintiff's
own testimony.  From his decision, it is apparent to the Court that the ALJ considered how,
if at all, Plaintiff is limited by intellectual impairments.  Still, in any event, "[i]n denying
disability, the ALJ does not have to discuss every piece of evidence presented."  *Miller v.
Shalala*, 8 F.3d 611, 613 (8th Cir. 1993).  Rather, the ALJ must only develop the record fairly
and fully.  *Id*.  *See also Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998) ("An ALJ's failure
to cite specific evidence does not indicate that such evidence was not considered").  Here,
the ALJ fully developed the record and considered all relevant evidence, including opinions
regarding Plaintiff's ability to concentrate and follow instructions.  The ALJ's RFC
assessment is supported by substantial evidence and any argument that the ALJ improperly
arrived at Plaintiff's RFC is without merit.

## II.     Hypothetical Question to the Vocational Expert

Plaintiff's assertion that the hypothetical question posed to the VE was defective

5

likewise lacks merit.  "A hypothetical question posed to the vocational expert is sufficient if it sets forth impairments supported by substantial evidence in the record and accepted as true." *Perkins v. Astrue*, 648 F.3d 892, 901-02 (8th Cir. 2001) (quotation and citation omitted).  "The ALJ's hypothetical question to the vocational expert needs to include only those impairments that the ALJ finds are substantially supported by the record as a whole." *Lacroix v. Barnhart,* 465 F.3d 881, 889 (8th Cir. 2006) (quotation and citation omitted).

The ALJ's hypothetical asked the vocational expert to consider an individual with an educational background and work history identical to Plaintiff, with nonexertional limitations that would limit the individual to simple, routine, repetitive tasks. (Tr. 59.) The hypothetical limited the individual to jobs that do not require close cooperation and interaction with coworkers, and no cooperation and interaction with the general public.  (*Id*.)  The hypothetical assumed the individual retained the ability to maintain attention and concentration for minimum two-hour periods at a time, adapt to changes in a workplace at a basic level, and accept supervision at a basic level.[4]  (*Id*.)  While not completely clear, Plaintiff seemingly argues that the hypothetical was improper because it did not sufficiently account for Plaintiff's intellectual deficiencies or moderate limitations in maintaining concentration, persistence, or pace. This argument is unpersuasive.

Hypothetical questions must "precisely describe a claimant's impairments so that the vocational expert may accurately assess whether jobs exist for the claimant." *Howard v. Massanari*, 255 F.3d 577, 581-82 (8th Cir. 2001) (quotation and citation omitted).  However, hypothetical questions "need not use specific diagnostic or symptomatic terms where other description terms can adequately define the claimant's impairments." *Id*. (quotation and citation omitted).  Here, the ALJ's hypothetical assumed that Plaintiff was able to do simple, routine, repetitive tasks.  This description sufficiently accounts for Plaintiff's moderate deficiencies in concentration, persistence, or pace.  This description is in keeping with the medical opinions that Plaintiff is capable of understanding and carrying out simple instructions, able to respond to simple or complex questions, has fair to good communication skills, and does not have great difficulties in sustained concentration. *See Howard*, 255 F.3d

---

[4] In response to this question, the VE testified that such a person could perform work as a burr grinder, garment bagger, or hand bander. (Tr. 59.)

6

at 582 (finding that a hypothetical concerning an individual capable of doing simple, repetitive, routine tasks adequately captured the claimant's deficiencies in concentration, persistence, or pace).  The ALJ included all the limitations from the RFC in the hypothetical and, as discussed above, the RFC determination was supported by substantial evidence and adequately captured Plaintiff's limitations.  The hypothetical question posed to the VE included the limitations supported by the evidence in the record and supplied the VE with information adequate to determine whether Plaintiff could perform jobs in the economy.

## CONCLUSION

For the reasons stated, and after careful consideration of each argument presented in Plaintiff's brief, I find that the Commissioner's decision is supported by substantial evidence on the record as a whole and is not contrary to law.

Accordingly,

**IT IS ORDERED** that judgment shall be entered by separate document providing that the decision of the Commissioner is affirmed.

**DATED August 2, 2013.**

**BY THE COURT:**

**S/ F.A. Gossett**
**United States Magistrate Judge**